UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gabriele Borth<br><br>　　Plaintiff,<br><br>v.<br><br>Global Credit & Collection Corporation<br><br>　　Defendant. | Case No.<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Gabriele Borth ("Gabriele"), is a natural person who resided in Elk Grove Village, Illinois, at all times relevant to this action.

2. Defendant, Global Credit & Collection Corporation ("Global"), is a Delaware Corporation that maintained its principal place of business in Chicago, Illinois at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Global collected consumer debts.

6. Global regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of Global's revenue is debt collection.

8. Global is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, global contacted Gabriele to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Gabriele is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, and before, Global has been calling Gabriele on her home phone in connection with the collection of a debt.

13. Within the past twelve months, Global called Gabriele at her place of employment in connection with the collection of a debt.

14. During this communication, Gabriele communicated her desire that Global cease calling her at her place of employment.

15. In response, Global became nasty and told Gabriele that Gabriele had to provide her social security number in order to stop the calls.  In addition, Global misrepresented that it was the law that Gabriele had to provide her social security number.

16. Despite this communication, Global called Gabriele's place of employment again and spoke with Gabriele's co-worker ("Co-worker").

17. During this communication, Global disclosed to Co-worker that Gabriele owed a debt.

18. At the time of this communication, Global already had Gabriele's location information.

19. Global caused Gabriele emotional distress.

20. Global attempted to collect a debt from Gabriele.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

21. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 20 above as if fully set forth herein.

22. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

23. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 20 above as if fully set forth herein.

24. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

25. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 20 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

27. Plaintiff re-alleges and incorporates by reference Paragraphs 12 through 20 above as if fully set forth herein.

28. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA


By: /s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: September 4, 2015

Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL  60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com